UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLINGTON HILLS PARK, LLC, | CASE NO. C10-0916JLR |
| Plaintiff, | ORDER DENYING MOTION TO INTERVENE |
| v. | |
| ASSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter comes before the court on non-party Turnaround, Inc.'s ("Turnaround") motion to intervene (Dkt. # 28). Both Plaintiff Wellington Hills Park, LLC ("Wellington") and Defendant Assurance Company of America ("Assurance") oppose Turnaround's motion. (Assurance Resp. (Dkt. # 32); Wellington Resp. (Dkt. # 33).) Having reviewed the submissions of the parties and the relevant law, the court DENIES Turnaround's motion to intervene.

ORDER- 1

## I. BACKGROUND

**A.     The Instant Lawsuit**

In this lawsuit, Wellington alleges that Assurance breached an insurance contract by refusing to pay certain "soft cost" losses. (*See generally* Compl. (Dkt. # 1).) On April 14, 2008, Assurance issued a "builder's risk" insurance policy (the "Policy") to Wellington for a development project that included the construction of buildings in an office park in Woodinville, Washington (the "Project"). (Vasquez Decl. (Dkt. # 11) Ex. 1.) Under the Policy, Assurance agreed to pay claims for certain "soft costs," defined as costs "which would not have been otherwise incurred except for a delay in the projected completion date of the project." (*Id.* at 22-23.)

In December 2008, Wellington discovered a failure in a retaining wall at the Project and made a claim under the Policy to cover the resulting losses. (Compl. ¶ 5.) According to Wellington, the wall failure caused the Project to be delayed approximately 6.5 months. (*Id.* ¶ 9.) Assurance determined that the wall failure was covered under the Policy and paid for the costs to repair the damaged retaining wall. (*Id.* ¶ 7.) Assurance, however, disputed the costs that Wellington attributed to the delay and agreed to pay only $59,219 of Wellington's $1.7 million "soft costs" claim. (*Id.* ¶¶ 16, 21.) In June 2010, Wellington filed the instant action, seeking a declaration of the rights and obligations of the parties under the Policy. Wellington alleges that Assurance breached the Policy and violated the Washington Insurance Fair Conduct Act, RCW 48.30.015, when it denied Wellington's claim for "soft cost" losses. (*Id*. ¶¶ 23-35.)

**B.     Turnaround**

On May 27, 2005, Wellington executed a Deed of Trust in favor of Frontier Bank ("Frontier"), predecessor-in-interest to Union Bank, N.A. ("Union Bank"), in order to secure a construction loan. (Groshong Decl. (Dkt. # 29) Ex. A.) In 2010, Union Bank commenced a nonjudicial foreclosure against Wellington. (*Id.* Ex. E at 3.) On December 21, 2010, the Snohomish County Superior Court found that Wellington was in default on its secured obligations and appointed Turnaround as custodial receiver to protect Union Bank's interest in the collateral described in the Deed of Trust. (*Id*. Ex. E at 1-2.)

Under the Deed of Trust, Wellington granted Frontier Bank a security interest in certain of Wellington's personal property. (*Id.* at 4.) The Deed of Trust defines "personal property" as:

> all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property, together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property, and together with all issues and profits thereon and proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the property.

(*Id.* Ex. A at 7.) Additionally, the Deed of Trust provides that, in the event of Wellington's default, the lender may "receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property." (*Id*. at 3.)

Turnaround now moves the court to grant it leave to intervene in the instant lawsuit. In its complaint in intervention, Turnaround asks the court for a declaratory judgment that Turnaround is entitled to "all insurance proceeds determined to be owed by

[Assurance]" under the terms of the receivership order and the language of the Deed of Trust. (*See* Interv. Compl. (Dkt. #28, Attach. 1) ¶¶ 13-18.)

## II.  ANALYSIS

Turnarounds asserts that it has a right to intervene in this action under Rule 24(a)(2). In order to intervene "as of right" under Rule 24(a)(2), an applicant must satisfy each part of a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006) (quoting *Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993)). In determining whether to grant a motion for intervention, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervenors." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The burden, however, is on the proposed intervenor to demonstrate that the conditions for intervention are satisfied. *Id.*

The court finds that Turnaround has not met three of the four factors required for intervention "as of right." Because neither Wellington nor Assurance disputes that Turnaround's intervention motion was timely, the court only addresses the last three factors.

ORDER- 4

First, the court concludes that Turnaround has not met its burden to show that it has a significantly protectable interest in this litigation. Turnaround asserts that as custodial receiver it has a protectable interest in any insurance proceeds Wellington may collect. (Mot. at 4-5.) The court finds that this interest does not relate to the subject matter of the instant litigation as required for intervention to be appropriate. The protectable interest requirement is generally satisfied when "the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003). A non-speculative, economic interest may be sufficient to support a right of intervention, but that economic interest must be concrete and related to the underlying subject matter of the action. *Alisal*, 370 F.3d at 919.

In *Alisal*, the Ninth Circuit affirmed the district court's denial of a motion to intervene as of right in an environmental enforcement action. *Id.* at 924. The district court had concluded that the intervenors' sole interest in the pending action was in the prospective collectability of a debt owed by the defendant. *Id.* at 920. The court determined that this interest did not relate to and was "several degrees removed from the overriding public health and environmental policies" that were at issue in the case. *Id*. at 920 n.3. In particular, the court noted that

> a mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself.

1  *Id.* As a result, the court held that intervention was not appropriate because the
2  intervenor's "interest in the prospective collectability of the debt secured by Alisal's
3  property is not sufficiently related to the environmental enforcement action brought by the
4  United States." *Id.* at 920-21.

5  Here, as in *Alisal*, the party seeking to intervene has not asserted an interest in the
6  claim at issue in this case. The central issue in the present case involves the
7  interpretation of the Policy contract. Turnaround's interest, however, centers on the
8  interpretation of the Deed of Trust and on its ability to preserve property that might be
9  subject to the receivership order. As Turnaround notes, the reason it seeks intervention is
10 "to ensure that any such funds [awarded to the Plaintiff] do in fact become receivership
11 property." (Reply (Dkt. # 34) at 2.) Thus, the court concludes that Turnaround is not
12 entitled to intervene in this case because its interest in the insurance proceeds as
13 receivership property is "not sufficiently related" to Wellington's breach of contract
14 claim. *Alisal*, 370 F.3d at 920-21.

15 Second, even if Turnaround could claim a protectable interest in the underlying
16 matter, it cannot show that the disposition of the pending action would "as a practical
17 matter impair or impede its ability to protect that interest." *Lockyer*, 450 F.3d at 441.
18 The disposition of the present matter would not impair Turnaround's ability to assert its
19 rights under the Deed of Trust and the receivership order in the state court proceedings.
20 Thus, Turnaround has not met its burden of establishing that its ability to protect its
21 interest would be impaired by the disposition of this case.
22

Finally, because Turnaround's motion to intervene fails on other grounds, the court does not consider adequate representation at length. The court notes, however, that even if the parties to this litigation do not adequately represent Turnaround's interests, Turnaround can protect its interest as custodial receiver in the state court proceedings. *See Alisal*, 370 F.3d at 924.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Turnaround's motion to intervene (Dkt. # 28).

Dated this 7th day of April, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 7