UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLINGTON HILLS PARK, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO. C10-0916JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATION |

The court is in receipt of the parties' stipulation and proposed order extending the deadlines for expert witness disclosure, discovery completion, and dispositive motions (Dkt. # 36). The court GRANTS in part and DENIES in part the stipulation.

In its minute order setting trial date and related dates, the court set the deadline for disclosure of expert testimony on April 27, 2011; the discovery motions deadline on May 27, 2011; the discovery deadline on June 27, 2011; the deadline for filing dispositive motions on July 26, 2011; and the trial date on October 24, 2011. (Dkt. # 20.) The

ORDER- 1

parties have now submitted a stipulation to extend the expert disclosure deadline to June 1, 2011; the discovery motions deadline to July 1, 2011; the discovery deadline to August 1, 2011; and the dispositive motions deadline to August 30, 2011.  (Stip. at 1-2.)  The parties do not propose moving the trial date or other pre-trial deadlines, nor do they explain why extensions of these deadlines are necessary.  (*See id.*)

The court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes.  First, the court generally sets the discovery motions deadline 30 days prior to the deadline for discovery to allow the court to resolve the motions within the discovery period.  Second, the court generally sets the discovery cut-off 30 days prior to the deadline for filing dispositive motions in order to ensure that the court has before it a complete record when it considers a motion that could potentially dispose of the case.  Third, the schedule generally provides 90 days between the deadline for filing dispositive motions and the trial date.  This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. CR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id.* CR 7(b)(5).  Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution.

The Federal Rules of Civil Procedure provide that a schedule may be modified only for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  Here, the parties' proposal has the effect of shortening the period between dispositive motions and trial by more than one month.  Yet, the parties have made no showing of good cause that

ORDER- 2

would justify such a modification in their case schedule.  (*See generally* Stip.)  Without a compelling reason to do so, the court declines to abandon the case management principles outlined above with respect to the deadlines for discovery motions, discovery completion, and dispositive motions.  The court is, however, willing to provide the parties flexibility with respect to their deadline for disclosure of expert testimony, provided that expert discovery does not jeopardize the deadline for motions related to discovery.  The court therefore GRANTS the parties' stipulation with respect to the deadline for disclosure of expert testimony, and extends the expert disclosure deadline to May 27, 2011.  The court DENIES the parties' stipulation with respect to the deadlines for discovery motions, discovery completion, and dispositive motions (Dkt. # 36).

Dated this 26th day of April, 2011.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge

ORDER- 3